UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| REGINALD J. PRATHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:24-cv-00031-JMS-MJD |
| ) | |
| R. LITHERHAND, *et al.*, ) | |
| ) | |
| ) | |
| Defendants. ) | |

**ORDER SCREENING AND DISMISSING AMENDED COMPLAINT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Reginald J. Prather, an Indiana Department of Correction (IDOC) inmate in custody at the Wabash Valley Correctional Facility, filed this civil rights action on January 29, 2024, pursuant to 42 U.S.C. § 1983 based on allegations that Defendants violated his Constitutional rights by seizing his personal mail. Dkt. [1]. On August 2, 2024, the Court screened Mr. Prather's complaint and dismissed his claims as barred by the Indiana statute of limitations. Dkt. [10]. The Court granted Mr. Prather additional time to file his amended complaint no later than October 30, 2024. Dkt. 16. On October 30, 2024, Mr. Prather filed his motion for leave to file amended complaint. Dkt. 17. **The clerk is directed to terminate the motion flag at dkt. [17],** and the Court proceeds to screen Mr. Prather's amended complaint.

**I. Screening Standard**

Because Mr. Prather was a "prisoner" when he filed this action, this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his amended complaint. When screening an amended complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the amended complaint states a claim, the Court applies the

same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. Amended Complaint

Mr. Prather names three defendants: R. Litherhand, N. Morris, and Nathan Lag. Mr. Prather's factual allegations, summarized here, are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). On December 7, 2021, Mr. Prather received a notice of confiscation of books and magazines that had been ordered for him by friends from a company called Special Needs X-press, Inc. Defendants Litherhand and Morris began withholding Mr. Prather's mail based on false allegations that a K-9 unit had alerted to the presence of drugs on the books and magazines that had been mailed to him. This resulted in his mail being held for weeks at a time. He filed a grievance on December 9, 2021. He received another confiscation slip on December 15, 2021, so he filed another grievance. On December 16, 2021, Mr. Prather submitted another grievance, which was returned on December 21, 2021, because Mr. Prather still had a previous, similar grievance pending. Mr. Prather engaged a friend to order the same books and magazines from the same companies and sent to a different prisoner, who received them without any issues. On December 15, 2021, Defendant Nathan Lag sent Mr. Prather a letter informing him that he was restricted from phone, messaging, and visitation for 30 days. Mr. Prather

was singled out for this treatment in retaliation for his grievances. He filed a tort claim but received no compensation. He now seeks compensatory and punitive damages.

### III. Discussion

The complaint is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Suits under § 1983 use the statute of limitations and tolling rules that states employ for personal-injury claims. In Indiana, the applicable statute of limitations period is two years. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); Ind. Code § 34–11–2–4. "While state law determines the length of the limitations period, federal law determines the date of accrual of the cause of action. . . . For . . . 1983 purposes, a claim accrues when the plaintiff knows or should know that his or her constitutional rights have been violated. . . . To determine when the claim accrues, a court must first identify the plaintiff's injury and then determine when the plaintiff could have sued for that injury." *Logan v. Wilkins*, 644 F.3d 577, 581–82 (7th Cir. 2011) (internal citation omitted). In this case the injury is the confiscation of Mr. Prather's mail, which occurred on December 7 and December 15, 2021, and the 30-day restrictions from December 15, 2021, until January 14, 2022. Mr. Prather does not assert that his mail ever was confiscated after December 15, 2021, or that he received any other retaliation. Although he did not date his original complaint, it was scanned at the Wabash Valley Correctional Facility on January 29, 2024, beyond the expiration of Indiana's 2-year statute of limitations. Although untimeliness is an affirmative defense, a complaint can be dismissed by the Court sua sponte if "the existence of a valid affirmative defense is so plain from the fact of the complaint that the suit can be regarded

3

as frivolous." *Muhammad–Ali v. Final Call, Inc.* 832 F.3d 755, 763 (7th Cir. 2016) (quoting *Walker v. Thompson*, 288 F.3d 1005, 1009–10 (7th Cir. 2002)); see also *Koch v. Gregory*, 536 F. App'x 659 (7th Cir. 2013) (stating that when the language of the complaint plainly shows that the statute of limitations bars the suit, dismissal under § 1915A is appropriate); *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). Mr. Prather's original complaint was dismissed on these grounds. Despite the opportunity to amend his complaint and address this deficiency, Mr. Prather has not pleaded any additional facts that would make his claims timely. For these reasons, Mr. Prather's claims are **dismissed** because they are barred by Indiana's statute of limitation.

### IV. Dismissal of Amended Complaint

For a complaint to survive dismissal, it must include "plausible" allegations. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The amended complaint, like Mr. Prather's original complaint, **is barred by Indiana's statute of limitations.**

The Court "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Generally, 'a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend [his] complaint before the entire action is dismissed.'" *O'Boyle v. Real Time Resolutions*, 910 F.3d 338, 347 (7th Cir. 2018) (quoting *Runnion v. Girl Scouts of Greater Chi.*, 786 F.3d 510, 519 (7th Cir. 2015)). However, the Court need not grant leave to amend if "'it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted.'" *Id.* at 347 (quoting *Barry Aviation v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)). "An amendment is futile if the amended complaint would not survive a motion for summary judgment." *King ex rel. King v. E. St. Louis Sch. Dist. 189*, 496 F.3d 812, 819 (7th Cir. 2007).

Mr. Prather was given an opportunity to show cause why this action should not be dismissed, and he filed an amended complaint in response that the Court has now screened. Based on its analysis of the claims discussed above, and the discussion in the Court's first screening order at docket 12, **the Court finds that further opportunities to amend would be futile.**

Accordingly, this action is **DISMISSED with prejudice.** Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 3/24/2025

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

REGINALD J. PRATHER
203013
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838